**THIRD DIVISION**
**MILLER, P. J.,**
**MCFADDEN and MCMILLIAN, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**June 27, 2016**

# In the Court of Appeals of Georgia

A16A0346. WHITE et al. v. DEPT. OF TRANSP. OF THE STATE    MI-013
   OF GA. et al.

MILLER, Presiding Judge.

On May 2, 2013, Harry White ("Harry") was killed when a branch from a diseased tree[1] fell on his car as he was driving down Georgia Highway 113 in Carroll County. Mark White ("White"), as the administrator of Harry's estate, sued the Georgia Department of Transportation ("DOT") under the Georgia Tort Claims Act ("GTCA"), OCGA § 50-21-20 et seq., as well as Tommy Baxter, the owner of the property adjacent to Highway 113 and the property on which the tree was located. The trial court granted the DOT's motion to dismiss, finding that the DOT was

---

[1]Defendant Tommy Baxter testified that he considered it to be two trees that had split off from a single stump. By the time of the accident in this case, one portion of the tree had fallen, leaving one remaining tree.

immune from suit under OCGA § 50-21-24 (8).[2] White now appeals, arguing that the trial court erred in finding the DOT immune because (1) negligent reliance on a DOT-owned right-of-way book would waive the State's sovereign immunity, and (2) the DOT's assertion before the accident that the tree was on state property resulted from a negligent or inadequate inspection of the right-of-way, waiving the State's immunity. After review, we conclude that there was evidence presented in this case to enable the trial court to find that the claims against the DOT were barred by sovereign immunity, and under the any evidence rule, the trial court's order will not be reversed absent an abuse of discretion. Finding no such abuse of discretion, we affirm the trial court's order granting summary judgment to the DOT on sovereign immunity grounds. The claims against Baxter remain pending.

The Georgia Constitution authorizes the legislature to waive the state's sovereign immunity. Ga. Const. of 1983, Art. I, Sec. II, Par. IX (a) and (e). The GTCA, OCGA § 50-21-20 et seq., declares the public policy of this state to be "that the state shall only be liable in tort actions within the limitations" set out in the Act. OCGA § 50-21-21 (a). This waiver of sovereign immunity is subject to various

---

[2] The State also moved for summary judgment, and although the trial court's order appears to conflate the two motions and thus we do not consider White's enumeration of errors to waive a challenge to the grant of summary judgment.

exceptions. See OCGA § 50-21-24. At issue here is the exception for loss resulting from inadequate or negligent inspections of property not owned by the State. OCGA § 50-21-24 (8). That exception provides that

> [t]he state shall have no liability for losses resulting from . . . [i]nspection powers or functions, including failure to make an inspection or making an inadequate or negligent inspection of any property other than property owned by the state to determine whether the property complies with or violates any law, regulation, code, or ordinance or contains a hazard to health or safety.

OCGA § 50-21-24 (8).

Any suit brought to which an exception applies is subject to dismissal pursuant to OCGA § 9-11-12 (b) (1) for lack of subject matter jurisdiction. Moreover, the party seeking to benefit from the waiver of sovereign immunity has the burden of proof to establish waiver. We review the trial court's pre-trial ruling on factual issues necessary to decide the OCGA § 9-11-12 (b) (1) motion under the any evidence rule. (Citation omitted.) *Diamond v. Dept. of Transp.*, 326 Ga. App. 189, 190 (1) (756 SE2d 277) (2014); see also *Dept. of Transp. v. Kovalcik*, 328 Ga. App. 185, 186 (761 SE2d 584) (2014).

In this case, the evidence shows that Tommy Baxter owned the land adjacent to the relevant stretch of Highway 113, which he received as a gift from his parents. Sometime in 2011, Baxter contacted the DOT about two 70-foot sweet gum trees that were located near the end of his driveway and possibly within the DOT's right-of-way. Baxter believed the trees were diseased due to a weak point in the trunk, and branches were hanging over the road. Baxter spoke with a DOT employee to express his concern that the leaning trees could fall into the roadway. DOT employee Kevin Law came out to inspect the trees and determine their location relative to the right-of-way. Law checked his right-of-way book, which estimated that the right-of-way was 50 feet in either direction of the center line. Using his wheel measure, Law determined that the trees were 48 feet from the center line of the road, making them "just barely" inside what he thought was the DOT's 50-foot right-of-way.[3] Nevertheless, Law stated that the DOT would not provide preventative maintenance or remove them until the trees fell.

---

[3] Law did not remember telling Baxter that the trees were in the DOT's right-of-way, or that the DOT would not do anything until the trees fell. Law also did not remember the measurement showing that the trees were inside the right-of-way. Law further testified that he could not tell if the trees were diseased.

In June 2012, one of the trees fell into the road, striking a car. Fortunately, no one was injured. The debris from that incident was not removed following that accident.[4] On May 2, 2013, Harry was driving down Highway 113 when the remainder of the tree fell, striking his car and killing him.

A title search subsequently showed that the deed transferring the property from the original owner to Baxter's parents identified an 80-foot right-of-way (i.e. 40 feet each side from the center line). Robert Cagle, a land surveyor and DOT employee, confirmed that the deed specified an 80-foot right-of-way. Cagle further confirmed that the tree at issue was located 48.1 feet from the center line of the road. Both the property description in Baxter's security deed, and a prior survey conducted during the approval for a construction loan, however, showed a 100-foot right-of-way. Baxter also submitted an affidavit in which he stated that the survey found iron pins placed at the edges of the property. The iron pins were located more than 10 feet away from wood stakes marking the 40-foot right-of-way.

---

[4] The record does not show whether any DOT personnel conducted an investigation after the 2012 accident, and Baxter testified that he did not contact the DOT again at that time.

1. White argues that the trial court erred by ignoring the DOT right-of-way book's estimate that the right-of-way was 50 feet and that the DOT was negligent in inspecting its own property. We disagree.

Here, the evidence showed that the initial deed identified a 40-foot right-of-way easement to the DOT. Cagle, the DOT employee and surveyor who measured the distance between the base of the diseased trees and the centerline of the roadway, determined that the tree was about 8.1 feet beyond that easement. Based on this evidence, the trial court concluded that the tree was not on the DOT's right-of-way and, therefore, the DOT could not be liable for any negligent inspection of Baxter's property, or the refusal to remove the tree. Although other evidence indicated that the right-of-way might have been 50 feet, placing the tree inside the DOT's right-of-way, the trial court rejected this evidence and, under the any evidence test, we are constrained to affirm the trial court's factual findings that the right-of-way was 40 feet. *Diamond*, supra, 326 Ga. App. at 190 (1). Accordingly, in light of the trial court's factual findings, the trial court did not err when it dismissed the claims against the DOT based on sovereign immunity.

2. White next argues that the State was not entitled to immunity because it negligently relied on a State-owned right-of-way book. In light of our conclusion in

6

Division 1, we need not address this issue. The trial court's order dismissing the complaint is affirmed.

*Judgment affirmed. McFadden, J., concurs. McMillian, J., concurs in judgment only.*